[Civ. No. 1780. Second Appellate District.—March 6, 1916.]

## FAIRBANKS, MORSE AND COMPANY (a Corporation), Appellant, v. W. A. ZIMMERMAN, Respondent.

Contract—Sale of Pumping-plant Equipment—Breach—Evidence—Burden of Proof—Capacity of Well.—In an action to recover damages for a breach of a contract for the sale of a pumping-plant equipment, which the vendor guaranteed was capable of lifting eighty inches of water, equivalent to 720 gallons per minute, provided the water in the well did not, when pumping, lower more than twenty feet below the pump, the burden is upon the vendee to affirmatively show that he had developed a sufficient amount of water in the well, which, had the plant been what it was guaranteed to be, would, if incapable of pumping the number of gallons per minute provided by the contract, at least have lifted a sufficient amount of water to meet the requirements of the vendee and not cause him any damage.

Id.—Capacity of Other Wells—Insufficiency of Proof.—Evidence that other wells, in the vicinity of the well in question, of varying depths, and ranging in distance from a quarter of a mile to a mile therefrom, which, after being developed, produced water in sufficient quantity to irrigate the lands tributary thereto, is not only vague, but wholly insufficient to establish the capacity of the well.

Id.—Flow in Other Wells—Judicial Notice.—Judicial notice cannot be taken that the flow of water in one well is evidence of a like flow in another well of different depth a mile or so distant.

APPEAL from a judgment of the Superior Court of Orange County, and from an order denying a new trial. W. H. Thomas, Judge.

The facts are stated in the opinion of the court.

Stutsman & Stutsman, and Maurice F. Enderle, for Appellant.

E. E. Keech, for Respondent.

SHAW, J.—Defendant was the owner of a farm in Kings County, upon which he had growing about seventy-five acres of young alfalfa. For the purpose of developing a supply of water with which, by means of a pump, to irrigate this field, he bored a twelve-inch well 250 feet in depth, with

a pit wherein to install a pump. He made a contract with plaintiff whereby the latter agreed to sell, deliver, and install at this well an engine, pump, and equipment, which it guaranteed to be capable of lifting eighty inches of water, equivalent to 720 gallons per minute, provided the water in the well did not, when pumping, lower more than twenty feet below the pump. The contract provided that plaintiff should not be held "liable for damage done or any trouble caused by reason of well . . . giving up sand, gravel, chips, or any substance other than clear water." Plaintiff installed the plant in the well which defendant had prepared therefor. The action is to recover the sum of $1,082, which defendant agreed to pay for the plant, plaintiff alleging in its complaint that it had fully complied with the terms of the contract and guaranty contained therein; all of which allegations defendant in his answer denied, and, in a counterclaim filed therewith, alleged that the plant and equipment did not comply with the terms of the contract in that it was defective and failed to do the work and raise the water as guaranteed by plaintiff, by reason whereof he had sustained damage.

The court found that the plant and equipment so installed did not comply with the terms of the contract; that at the time of entering into the contract defendant had seventy-five acres of young alfalfa and a twelve-inch well 250 feet in depth, with an ample supply of water and a suitable pit, as described in said contract, already excavated and prepared for the installation of such an engine and equipment at said well; "that plaintiff knew the defendant's purpose in entering into said written contract was thereby, without delay, to secure from said well, and by said engine and equipment, a supply of water for irrigating said alfalfa; . . . and, had plaintiff so installed in workmanlike manner upon said property said engine and equipment capable of lifting eighty inches of water, equal to seven hundred and twenty gallons per minute, as in said written contract provided and guaranteed, defendant would have been enabled thereby to so irrigate said lands and perfect and produce successive crops of alfalfa thereon"; that the equipment installed by plaintiff pursuant to said contract upon said property, was not, and never has been, capable of lifting eighty inches of water, as guaranteed in said written contract, or any other amount; and that plaintiff has failed to make delivery of the machin-

ery described in said written contract, by reason of which failure defendant was unable to secure any water from said well for irrigating said alfalfa field, in consequence of which the alfalfa died; all to his damage in the sum of $1,692.50. From these findings, as conclusions of law, the court found that plaintiff should take nothing by its action, and that defendant have judgment in the sum wherein it was found he had been damaged.

The appeal is from the judgment, and an order denying plaintiff's motion for a new trial.

Plaintiff insists that neither the findings of the court to the effect that it failed to comply with the contract, or to furnish and install the machinery in accordance with the terms thereof, nor the finding as to the resultant damage therefrom to defendant by the loss of his field of alfalfa, are supported by the evidence.

There is a substantial conflict of evidence, not only touching the question as to whether or not the machinery installed was free from defects and properly installed, but also as to whether the plant and equipment were capable of doing the work in accordance with the guaranty of plaintiff. For these reasons, the findings upon which the court based its conclusion that plaintiff should not recover upon the contract must be deemed fully supported by the evidence. Indeed, as we understand appellant's counsel, they do not otherwise seriously contend.

Appellant's chief contention is that there was no evidence to support the finding upon which the court based its judgment in favor of defendant for damages for the loss of his field of alfalfa. Conceding the pumping plant installed by plaintiff to have been, as found by the court, incapable of *lifting any quantity of water,* the loss of defendant's crop and resulting damage could not have been attributed to such fact, unless it was affirmatively shown by defendant that the well with the use of a pumping plant as guaranteed by plaintiff was capable of supplying a sufficient quantity of water with which to properly irrigate the land. Covering this point, the court found that defendant had bored upon his land a well wherein he had developed and which produced an *ample supply* of water for irrigating the field of alfalfa. This finding appears to be without any sufficient evidence to support it. Indeed, counsel for respondent concedes that, by

reason of the well being undeveloped, it did not produce a full supply of water; that the process of development, which required a period of some two or three weeks, consisted in pumping out from the bottom of the cylinder the surrounding sand and fine substance until a cavity was made having a surface of sufficient area through which the water percolated with sufficient rapidity to maintain a supply therein. There is nothing in the contract, however, which imposed upon plaintiff the duty of spending two weeks or more in pumping sand from the well in order to develop a supply of water therein. In fact, the provision quoted from the contract, to the effect that plaintiff should not be liable for damage done by reason of the well producing sand or substance other than clear water, tended to negative the existence of such obligation; and the claim is also inconsistent with the fact that, under the terms of the contract, plaintiff was required to operate the plant two days only, when defendant was to take charge of its operation. As we construe the contract, it was the duty of the defendant to furnish a developed well producing, when pumped, if not the guaranteed capacity of the plant, then at least a sufficient quantity of water to properly irrigate the alfalfa field, before he could claim damages against plaintiff for any loss by reason of the plant not pumping a sufficient amount of water. The only evidence of a direct character touching the capacity of the well tended to show that when the pump was started the water in the well was quickly exhausted, indicating an insufficient flow to maintain the water at a level to be picked up by the pump. Respondent, however, claims that there were other wells in the vicinity, of varying depths, and ranging in distance from the well in question a quarter of a mile to a mile therefrom, which *after being fully developed,* produced water in sufficient quantity to irrigate the lands tributary thereto. This evidence is not only vague and uncertain, since the quantity of water produced in such wells is not shown, but the fact that a well of one depth a mile distant produced an adequate quantity of water to irrigate a certain tract of land upon which one kind of crop was growing constitutes no evidence that the well in question must have produced a sufficient quantity of water to irrigate seventy-five acres of alfalfa. Respondent suggests that the court should take judicial notice of the geological formation and water-bearing strata existing in Kings

County. We know of no authority sustaining such contention, and respondent presents none, under which the court would be justified in taking judicial notice that the flow of water in one well is evidence of a like flow in another well of different depth, a mile or so distant. It devolved upon defendant to affirmatively show that he had developed a sufficient amount of water in the well, which, had the pumping plant been what it was guaranteed to be, would, if incapable of pumping 720 gallons per minute, at least have lifted a sufficient volume of water to irrigate his field of alfalfa. From aught that appears to the contrary, the lack of a sufficient amount of water produced by the well, and not the defective pump, was the proximate cause of the loss.

In our opinion, the evidence is wholly inadequate to support the finding of the court that the well in question had an ample supply of water developed therein, without which plaintiff could not be liable in damage to defendant for the loss of his crop for want of proper irrigation. For this reason that part of the judgment wherein it was adjudged that defendant should recover from plaintiff the sum of $1,692.50 as damages, and the order denying a new trial of the issue as to plaintiff's right thereto, are reversed; and the judgment denying plaintiff's right to recover upon the contract, and that part of the order denying a new trial as to such right, are affirmed.

Conrey, P. J., and James, J., concurred.